# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HENRY FROMETA GONZALEZ,

    *Petitioner*,

vs.

JAMES GREG COX, *et al.*,

    *Respondents.*

2:13-cv-02166-APG-GWF

**O R D E R**

    Petitioner has filed a habeas petition under 28 U.S.C. § 2254 without properly commencing the action by paying the filing fee or filing a pauper application.

    It does not appear that a dismissal without prejudice would materially impact the analysis of application of the limitation period or other issues in a promptly filed new action or otherwise cause substantial prejudice.[1]

---

[1] The online docket records of this Court and the state courts reflect the following.

Petitioner Henry Gonzalez alleges that his sentence currently is not been properly calculated following a partial reversal on selected charges by the state supreme court and an April 9, 2012, amended judgment of conviction. He maintains that he is required to serve only sixty percent of the maximum 60 months to which he originally was sentenced in the March 10, 2010, judgment of conviction, with credit for 217 days for time served. A purported June 5, 2012, grievance response attached with the petition reflects a disagreement with petitioner's computation of his sentence credits and stated a projected expiration date of June 3, 2013.

Meanwhile, the state district court records reflect that petitioner was sentenced in a different matter, No. C-12-285383-1, to 12 to 48 months, consecutive to this case, No. 09C257037, and with no credit for time served. The judgment of conviction in the later case was filed on May 28, 2013.

(continued...)

1     The present improperly-commenced action therefore will be dismissed without
2 prejudice to the filing of a new action.

3     **IT THEREFORE IS ORDERED** that this action shall be **DISMISSED** without prejudice
4 to the filing of a new petition in a new action accompanied by either the required filing fee or
5 a properly completed application to proceed *in forma pauperis*.

6     **IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED**. Jurists of
7 reason would not find the dismissal of this improperly-commenced action without prejudice
8 to be debatable or wrong, as no substantial prejudice will result. *See* text at n.1 and n.1.

9     The Clerk of Court shall SEND petitioner two copies each of a noncapital habeas
10 petition form and a pauper form along with one copy of the instructions for the forms and of
11 the papers submitted in this action.

12     The Clerk of Court shall enter final judgment dismissing this action without prejudice.
13     DATED:  November 26, 2013.

_____
ANDREW P. GORDON
United States District Judge

---

[1](...continued)
The online records of the state courts further reflect that petitioner has filed no judicial proceedings – as opposed to prison grievances as reflected by the exhibits to the petition – in the state courts and pursued through to a decision on the merits by the state supreme court challenging the calculation of his sentence. He further concedes in the federal petition that he has pursued no state judicial remedies.

It thus would appear that: (a) a dismissal of the present action without prejudice will not materially impact an analysis of any limitation period issues pertaining to petitioner's challenge to his current sentence calculation; (b) any *arguendo* timely federal petition filed at this point would be wholly unexhausted and thus subject to immediate dismissal; and (c) petitioner is not necessarily subject to immediate release outside of an institution given his incarceration on an intervening sentence. The Court notes that the accrual of sentencing credit is subject to a number of requirements and contingencies under Nevada state law.

Petitioner indisputably is well aware from his prior litigation history of how to properly commence a civil action in federal court. He has filed multiple prior actions in this Court with a pauper application. *See, e.g.*, Nos. 2:09-cv-01179, 2:10-cv-01447, 2:11-cv-2061, and 2:13-cv-01542. He further has had two prior actions – including a recent habeas action – dismissed without prejudice for failure to properly commence an action without either paying the filing fee or submitting a pauper application. *See* 2:07-cv-00613 and 2:13-cv-01699. Petitioner should not expect to follow the same flawed procedure but yet obtain a different result.